UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>DONALD J. STOECKLIEN,<br><br>　　　　　　Respondent. | Civil No. 15cv0532 JAH (WVG)<br><br>**ORDER GRANTING PETITIONER'S APPLICATION FOR AN ORDER ENFORCING COMMISSION ORDER** |

## INTRODUCTION

On March 10, 2015, Petitioner filed an application for an order pursuant to section 20(c) of the Securities Act, 15 U.S.C. section 77t(c), and section 21(e)(1) of the Securities Exchange Act, 15 U.S.C. section 78u(e)(1) for an order enforcing compliance with Final Commission Order. Petitioner filed a motion for hearing on the application on March 13, 2015.[1] The Court granted the motion for hearing, set the hearing for April 27, 2015, directed Petitioner to serve Respondent, Donald J. Stoecklien, with a copy of the order, directed Respondent to serve and file his opposition papers on or before April 13, 2015, and provided Petitioner until April 20, 2015 to file a reply. Respondent filed an opposition as directed and Petitioner filed a reply on April 16, 2015 and supplemental

---

[1] Petitioner served Respondent, via email, UPS overnight deliver and first class mail, with its Notice of Motion and Motion for Hearing on Application for Enforcing Compliance with Commission Order and Memorandum of Points and Authorities and attached exhibits. See Doc. No. 3. at 3. Exhibit 1 is a copy of Petitioner's application for an order enforcing compliance with final commission order and supporting documents.

exhibits.[2] Finding the motion suitable for adjudication without oral argument, the Court vacated the hearing. After a thorough review of the parties' submissions and for the reasons discussed below, the Court GRANTS petition.

## DISCUSSION

Petitioner seeks to enforce compliance by Stoecklein with an Order Instituting Cease and Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Section 21C of the Securities Exchange Act of 1934, Making Findings, Imposing Remedial Sanctions and Issuing Cease and Desist Order entered on consent against Stoecklein on September 1, 1995 ("Consent Order"), in the proceeding entitled In the Matter of Donald Stoecklein.

Respondent opposes the application. He argues the application is time-barred and equitable issues support denial of the application.

### I. Legal Standard

District courts have jurisdiction to issue writs of mandamus, injunctions, and orders commanding a person to comply with the rule, regulations or order of the Security and Exchange Commission. 15 U.S.C. § 77t(c); 15 U.S.C. § 78u(e)(1). Section 21(e) is an enforcement mechanism. SEC v. McCarthy, 322 F.3d 650, 658 (9th Cir. 2003). Courts are authorized to use summary proceedings for applications to enforce Commission orders under section 21(e). Id. Fairness and due process require a respondent have the opportunity to be heard on the application prior to a court's ruling. Id. at 659-60. However, the respondent cannot relitigate the merits. Id. at 658.

### II. Analysis

Petitioner contends it instituted cease and desist proceedings against Respondent pursuant to section 8A of the Securities Act, 15 U.S.C. section 77h-1, and section 21C of the Exchange Act, 15 U.S.C. section 78u-3 on September 1, 1995, and in response,

---

[2] In response to Respondent providing the Court the *Amicus Curiae* brief filed by the Securities Industry and Financial Markets Association in in SEC v. Graham, Petitioner provides the Court with the complete set of briefs filed with the Court of Appeals in that matter, "[t]o provide a complete picture of the legal issues raised in Graham." Notice of Supplemental Exhibits at 2 (Doc. No. 10).

1  Respondent submitted an offer of settlement which the Commission accepted. The offer
2  of settlement provided, "for the purpose of this proceeding and any other proceeding
3  brought by or on behalf of the Commission or in which the Commission is a party,"
4  Respondent, without admitting or denying the Commission's findings, consents to the
5  issuance of the Consent Order. The Consent Order found, in relevant part:

6    a. Stoecklein, an attorney practicing law in California, was involved in transactions
7    under which common stock in a Nevada corporation known as SoftPoint, Inc., was
8    issued to foreign entities and then sold to the investing public through brokerage
9    accounts opened by Stoecklein;

10    b. Stoecklein received a total of $287,000 from such sales, retaining $19,975 of the
11    proceeds for his personal use;

12    c. By his conduct, Stoecklein violated the antifraud provisions of Sections 17(a) of
13    the Securities Act, 15 U.S.C. § 77q(a). and Section 10(b) of the Exchange Act, 15
14    U.S.C. § 78j(b) and Exchange Act Rule 10b-5, 17 C.F.R. § 240.1 Ob-5.

15    d. By his conduct, Stoecklein further violated the securities registration provisions
16    of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

17  Additionally, the Consent Order directed Petitioner to cease and desist from
18  committing or causing any violations and any future violations of Sections 5(a), 5(c), and
19  17(a) of the Securities Act, 15 U.S.C. §§ 77e(a), 77e(d), and 77q(a); and Section 10(b)
20  of the Exchange Act, 15 U.S.C. § 77j(b); and Exchange Act Rule 10b-5. 17 C.F.R.
21  §240.10b-5. The Consent Order further ordered Petitioner, prior to the close of business
22  on the thirtieth business day after the date of the Consent Order, to pay disgorgement in
23  the amount of $19,975, plus interest from November 1993 to the date of the Consent
24  Order to the U.S. Securities and Exchange Commission.

25  Petitioner maintains Stoecklein did not pay the disgorgement and prejudgment
26  interest as directed by the Consent Order. Petitioner further maintains the amount of
27  accrued interest at the Internal Revenue Service late payment rate from November 1993
28  through the date of the Consent Order is $3,104.99, making the amount due $23,079.99,

Petitioner also contends additional interest accrued on the amount from the due date of October 1, 1995 at the Internal Revenue Service late payment rate pursuant to Rule 600 of the Commission's Rules of Practice, 17 C.F.R. § 201.600, in the amount of $50,623.00 as of March 2, 2015.

The Commission seeks an order from this Court requiring Stoecklein to pay a total of $73,751.07, based on the following amounts: Disgorgement $19,975.00; Interest to October 1, 1995 $3,104.99; Interest to March 10, 2015 $50,671.08.

**A. Jurisdiction**

In opposition to the petition, Respondent argues the Court lacks subject matter jurisdiction to enforce the Consent Order. He maintains the current enforcement proceedings, brought two decades after the 1995 Consent Order, is outside the five year limitation period set forth in 28 U.S.C. section 2462.

In reply, Petitioner argues disgorgement is an equitable remedy not a civil fine, penalty or forfeiture within the scope of section 2462. Petitioner maintains the Consent Order established Respondent's liability and the amount of the liability, and the passage of time has not prejudiced Respondent's rights because he has not lost the opportunity to assert any defense by any delay in the Commission's seeking enforcement.

Petitioner further argues statutes of limitation do not affect equitable claims unless a time limitation is explicitly made applicable. Plaintiff maintains, three Courts of Appeals, including the Ninth Circuit, have held section 2462 is inapplicable to equitable remedies such as disgorgement.[3] Petitioner distinguishes disgorgement from a civil fine, penalty and forfeiture. Petitioner further contends Respondent relies on a single district court decision, SEC v. Graham, to support his claim that section 2462 bars this action, but Petitioner maintains, Graham is on appeal and has not been followed. He cites to district court cases holding section 2462 does not apply to disgorgement.

Under section 2462, except as otherwise provided by Congress, actions "for the

---

[3] SEC v. Rind, 991 F.2d 1486 (9th Cir. 1993); SEC v. Calvo, 378 F.3d 1211, 1214, 1218 (11th Cir. 2004); Riordan v. SEC, 627 F.3d 1230, 1234 (D.C. Cir. 2010).

enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise" must be brought within five years from the date the claim accrued. 28 U.S.C. § 2462. Petitioner relies on the Ninth Circuit's holding in SEC v. Rind in support of its argument that section 2462 is inapplicable. The court in Rind did not address the applicability of section 2462 but held "no fixed period of limitations governs Commission action." 991 F.2d 1486, 1492 (9th Cir. 1993). The Supreme Court applied the five year statute of limitations period of section 2462 to a SEC enforcement action seeking civil penalties in Gabelli v. SEC, but expressly declined to address applicability of section 2462 to SEC enforcement claims seeking disgorgement. 133 S.Ct 1216, 1220 n.1 (2013).

Respondent relies on the decision in Graham which held section 2462 applies to all forms of relief. 21 F.Supp.3d 1300 (S.D.Fla. 2014). Notwithstanding, many courts have determined disgorgement is a not a penalty and is, therefore, not subject to section 2462. See SEC v. Wyly, 56 F.Supp.3d 394, 402-03 (SDNY 2014); Riordan v. SEC, 627 F.3d 1230, 1234 (D.C.Cir. 2010); SEC v. Nacchio, 614 F.Supp.2d 1164, 1175 (D.Colo. 2009); SEC v. Berry, 580 F.Supp.2d 911 (N.D.Cal. 2008); see also Johnson v. SEC, 87 F.3d 484 (D.C.Cir. 1996). This Court does not find Graham persuasive in light of the many cases finding section 2462 inapplicable to cases seeking disgorgement, the Supreme Court's limitation on its holding in Gabelli and the Ninth Circuit's indication disgorgement is equitable in nature. See Rind, 991 F.2d at 1493. Accordingly, this Court finds section 2462 is inapplicable to this SEC enforcement action seeking disgorgement.

**2. Equitable Issues**

Respondent argues there are other equitable issues arising out of the inconsistent approach the commission took to enforcing the Consent Order during the 20 years since the original settlement. He maintains he returned a barter line of credit totaling $20,000 to SoftPoint Inc. in response to the Consent Order requiring him to disgorge the supposed ill-gotten gains.[4] He further maintains, years later, the Commission submitted the amount

---

[4]He contends the supposed ill-gotten gains were legal fees he charged his client Softpoint, Inc. for collecting $287,000 on its behalf.

1  to creditors and the Department of Treasury with an astronomical amount of accrued
2  interest far beyond the original disgorgement.  Since then, he contends, the amount sought
3  by the SEC and third parties has been vastly inconsistent making it nearly impossible for
4  him to know how much to pay and to who.  Specifically, he contends the Department of
5  Treasury attempted to recover $121,427.31, and Pioneer Credit Recovery Inc. attempted
6  to collect $101,660.97, and now, the SEC seeks $73,751.07.  Respondent argues the
7  unjustified discrepancy in the collection amounts along with the usurious amount of
8  interest caused by the Commission's delay in bringing this case is inequitable.

9  Petitioner argues equitable issues do not bar enforcement of the consent order.
10 Petitioner maintains this proceeding is not about whether Stoecklein owes funds to the
11 Commission or whether Stoecklein's obligation may be collected through non-judicial
12 means, and only concerns the availability of judicial remedies.  Petitioner contends this
13 Court has discretion over whether to award prejudgment interest and as to the amount of
14 such interest, and maintains the Court should consider the following when exercising that
15 discretion: (1) Stoecklein agreed to the imposition of interest in the Consent Order; (2)
16 Stoecklein had the use of the unpaid money for nearly 20 years; and (3) the Consumer
17 Price Index increased from 153.2 in September 1995 to 234.722 in February 2015, an
18 increase of 53%, which would adjust the amount of disgorgement and interest accruing to
19 October 1, 1995 from $23,079.99 to $35,312.38.

20 In response to Respondent's argument that demands for payment made by the
21 Department of the Treasury and its contractor were higher than the amount the
22 Commission is seeking here, Petitioner argues the Treasury is authorized by law to add
23 additional charges when a matter is referred to them for collection.  Further, Petitioner
24 argues it is difficult to understand how Stoecklein can claim prejudice when the
25 Commission here is seeking to collect a lower amount than that sought by the Treasury.
26 The Court finds that although the amount of interest sought by Petitioner is large,
27 Petitioner provides sufficient information supporting the amount charged.  Additionally,
28 as noted by Petitioner, Respondent agreed to prejudgment interest in the Consent Order

and Respondent failed to pay the original amount owing for an extended period of time which resulted in the large interest charged. The Court also finds the total amount currently sought by Petitioner is less than that sought by the Department of Treasury. As such, neither the difference in the amount sought by Petitioner in the pending application and that previously sought by the Department of Treasury, nor the amount of interest charged support denying the application.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED Petitioner's application for an order enforcing commission order is **GRANTED**.

Dated:  October 23, 2015

_____
JOHN A. HOUSTON
United States District Judge